```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
```

GLADYS MUSIC, UNIVERSAL-MCA MUSIC
PUBLISHING, A DIVISION OF UNIVERSAL
STUDIOS, INC., JERRY LEIBER MUSIC,
MIKE STOLLER MUSIC, QUARTET MUSIC,
RANGE ROAD MUSIC, INC., PANTHER MUSIC
CORP., GONE GATOR MUSIC, VAN HALEN
MUSIC, EMI APRIL MUSIC INC., SOMERSET
SONGS PUBLISHING, INC., INDIAN LOVE
BRIDE MUSIC, UNIVERSAL-POLYGRAM
INTERNATIONAL PUBLISHING, INC., BON
JOVI PUBLISHING, FAMOUS MUSIC LLC,
SUCCESSOR-IN-INTEREST TO FAMOUS
MUSIC CORPORATION, STUCK IN THE THROAT
MUSIC, CONTROVERSY MUSIC, PURPLE
RABBIT MUSIC AND GNAT BOOTY MUSIC,

                          Plaintiffs,            07-CV-6086

                v.                       **DECISION and ORDER**

BILBAT RADIO, INC. AND WILLIAM H.
BERRY, JR.,

                         Defendants.
_____

## INTRODUCTION

Plaintiffs Gladys Music, Inc., et al. ("Plaintiffs") brought this action against Defendants, Bilbat Radio, Inc. and William H. Berry, Jr. ("Defendants") for violations of Federal Copyright Law under Title 17 of the United States Code, and pursuant to 28 U.S.C. § 1338(a). See Complaint (Dkt. No. 1)

The Defendants have failed to appear, answer or otherwise plead with respect to the Complaint in this action and their time to do so has expired. On April 4, 2007, Plaintiffs filed a Request for Entry of Default against Defendants, pursuant to Federal Rule

of Civil Procedure 55(a) and the Western District of New York's Local Rule 55.1. <u>See</u> Request for Entry of Default (Dkt. No. 5); Fed. R. Civ. P. 55(a); W.D.N.Y. Loc. R. 55.1. Plaintiffs' request for an Entry of Default was entered by the Clerk of the Court on April 5, 2007. <u>See</u> Clerk's Entry of Default (Dkt. No. 6). On April 26, 2007, Plaintiffs filed a Motion for Entry of Default Judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. <u>See</u> Motion for Default Jdmt. (Dkt. No. 9); Fed. R. Civ. P. 55(b).

## **DISCUSSION**

Plaintiffs request the entry of default judgment granting them the relief sought in the complaint, including statutory damages, a permanent injunction, and costs, including reasonable attorney's fees.

Pursuant to Fed. R. Civ. P. 55, district courts may grant default judgment against a party that has failed to plead or otherwise defend. <u>See</u> <u>Enron Oil Corp. v. Masonori Diakuhara</u>, 10 F.3d 90, 95 (2d Cir. 1993). Initially, a party moving for default judgment must obtain an Entry of Default from the Clerk of the Court pursuant to Fed. R. Civ. P. 55(a). Thereafter, if the "plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be certain," the moving party can seek a default judgment from the Clerk of the Court. In all other situations, the plaintiff must seek a default judgment from the Court. <u>See</u> Fed. R. Civ. P. 55(b). Plaintiffs have obtained an Entry

of Default from the Clerk of the Court and now seeks default judgment from the Court pursuant to Rule 55(b).

Default judgments may be granted to plaintiffs asserting copyright infringement claims where the defendants have failed to answer or move against the complaint. See Broad. Music, Inc. v. R Bar of Manhattan, Inc., 919 F.Supp. 656, 659 (S.D.N.Y. 1996). As a tort action, an action for copyright infringement imposes joint and several liability on all participants of the tortious activity. See Sygma Photo News, Inc. v. High Society Magazine, Inc., 596 F.Supp. 28, 33 (S.D.N.Y. 1984). Thus, an individual may be held liable for copyright infringement if he has the right and ability to supervise the infringing activity and a direct financial interest in such activity. See Barnaby Music Corp. v. Catoctin Broad. Corp., 1988 WL 84169, at *2 (W.D.N.Y. 1988).

Following review of the Record and the submissions of the Plaintiffs, as well as the relevant statutes and case law, and after considering all of the relevant factors to be weighed in this matter, this Court finds that the amount requested by Plaintiffs are due to Plaintiffs in this matter deriving from Defendants' repeated violations of copyright law: statutory damages/penalties of three thousand dollars ($3,000) per work infringed, for a total of forty-eight thousand dollars ($48,000) (pursuant to 17 U.S.C. § 504), as well as attorney's fees and costs (pursuant to 17 U.S.C. § 505) totaling $2,960.50, with the Court finding that the fees

requested fall within the realm of reasonable fees charged within this District for the work of attorneys of similar skill and experience.[1] The Court, thus, grants Plaintiffs' Motion for default judgment against Defendants.

The Court further finds that Plaintiffs have met the requirements for showing that a permanent injunction is proper in this case. The Copyright Act of 1976 provides that courts may grant injunctive relief to prevent or restrain copyright infringements. See 17 U.S.C. § 502(a).[2] A permanent injunction is appropriate when infringement by unauthorized public performances has been proven. See Broad. Music, Inc. v. Sonny Inc. Assoc., Inc., 865 F.Supp. 110, 114 (W.D.N.Y. 1994); Barnaby Music, 1988 WL 84169 at *3. (Copyright owners are entitled to the issuance of a permanent injunction to protect their works from repeated infringement "when liability has been established and there is a threat of continuing violation") (citations omitted). Here, the uncontroverted allegations in Plaintiffs' Complaint, as supplemented by the affidavits and exhibits to the Plaintiffs' Motion for Default Judgment, establish

---

[1] Plaintiffs have submitted the affidavit of their attorney, Michael J. Sciotti, Esq. setting forth his work and the work of others in his firm on this matter as well as Plaintiffs' costs in connection with this action. They have requested $550 for Mr. Sciotti's work based on an hourly rate of $250.00, $1,963.50 for paralegal work done by Carolyn A. Symonds based on an hourly rate of $105. Plaintiffs have also submitted a sufficiently detailed attorney billing report specifying the work that was performed on this litigation, the date it was performed, the amount of time expended on each task and the billing rate of and person performing each task. Plaintiffs request recovery of $350.00 for the filing fee and $97.00 incurred during service of process in addition to $2,513.50 in attorney's fees for a total of $2,960.50.

[2] 17 U.S.C. § 502(a) states, in pertinent part:
Any court ... may ... grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright.

that Defendants infringed Plaintiffs' copyrights despite knowledge of those copyrights and continue to have copyrighted music performed at the present time. Therefore, the Court hereby orders that Defendants are permanently enjoined (pursuant to 17 U.S.C. § 502) from any further unauthorized or unlicensed performance of any of the works in the repertory of Plaintiffs or the American Society of Composers, Authors and Publishers ("ASCAP")[3] (with whom Plaintiffs are associated).

## CONCLUSION

Based upon Plaintiffs' Application For Default Judgment together with other relief, and good cause appearing therefore, it is hereby:

**ORDERED**, that Plaintiffs' Motion for Default Judgment is **GRANTED**. The Clerk shall enter Default Judgment against Defendants, jointly and severally, in the amount of Forty-Eight Thousand Dollars ($48,000), representing statutory damages of three thousand dollars ($3,000) per work infringed; and it is further

**ORDERED**, that Defendants shall also pay Plaintiffs' reasonable attorney's fees and costs herein in the amount of Two Thousand Nine Hundred Sixty Dollars and Fifty Cents ($2,960.50) and shall have judgment therefore; and it is further

---

[3] ASCAP is a performing rights licensing organization to which songwriters and music publishers grant a non-exclusive right to license non-dramatic public performances of their copyrighted musical compositions. On behalf of Plaintiffs and its more than 275,000 members, ASCAP licenses the right to publicly perform all of the songs in the ASCAP repertory to thousands of radio and television stations, restaurants, nightclubs and other establishments whose owners desire lawfully to perform copyrighted musical compositions in the ASCAP repertory.

**ORDERED,** that the Defendants are Permanently Enjoined from any further unauthorized or unlicensed performance of any of the works in the repertory of Plaintiffs or the ASCAP; and it is further

**ORDERED,** that the Clerk shall serve a copy of this Order on all parties.

ALL OF THE ABOVE IS SO ORDERED.

                                             s/Michael A. Telesca
                                              MICHAEL A. TELESCA
                                    United States District Judge

Dated:   Rochester, New York
        October 15, 2007